J-A22030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BLAKE T. TRUVER | : | |
| | : | |
| Appellant | : | No. 871 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 16, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000092-2021

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: SEPTEMBER 27, 2022**

Appellant, Blake T. Truver, challenges the Judgment of Sentence entered by the Jefferson County Court of Common Pleas following his open guilty plea to Recklessly Endangering Another Person (five counts), Burglary, Conspiracy, Robbery, Simple Assault, Theft by Unlawful Taking (six counts), Aggravated Assault by Vehicle, Fleeing or Attempting to Elude Officer, Possession of a Controlled Substance (two counts), and Use or Possession of Drug Paraphernalia.[1]  He challenges the discretionary aspects of his sentence. After careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2705, 3502(a)(1)(i), 903, 3701(a)(1)(i), 2701(a)(3), and 3921(a); 75 Pa.C.S. §§ 3732.1 and 3733(a); 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

On January 25, 2021, Appellant and another individual pushed their way into a home, beat the resident who was present at the time, and stole firearms, guitars, and amplifiers. The second resident arrived home during the incident and recognized Appellant as a childhood friend. Appellant and the other assailant, brandishing knives, chased the second resident from the home before jumping in Appellant's car and driving away. A high-speed, seventeen-mile chase with police officers ensued. The chase ended when Appellant lost control of the vehicle which caused it to rollover several times. Appellant and his co-conspirator were airlifted to a hospital. Police officers observed stolen property, drugs and drug paraphernalia, and cash strewn inside and outside the crashed vehicle.

The Commonwealth charged Appellant with the above offenses in addition to thirty-four traffic violations. On June 2, 2021, the court accepted Appellant's an open guilty plea to twenty criminal offenses and ordered a pre-sentence investigation ("PSI").

On June 16, 2021, the court held a sentencing hearing after which it imposed an aggregate sentence of nineteen to fifty-eight years' incarceration. The individual sentences for each conviction fell within the mitigated and standard ranges of the sentencing guidelines.[2] Appellant filed a post-sentence motion, which the court denied.

---

[2] The court concluded that the six convictions for Theft by Unlawful Taking merged with Burglary for sentencing purposes. The individual sentences
*(Footnote Continued Next Page)*

Appellant timely appealed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following questions for our review:

1. Whether the trial court's failure to adequately consider the rehabilitation needs of Appellant, after finding him to be youthful, drug addicted and, impliedly, directly and negatively influenced by his much older and much more criminally-experienced co-actor, resulted in a manifestly excessive sentence?

2. Whether the trial court's consideration of outstanding, unresolved felony charges from other jurisdictions was improper and resulted in a manifestly excessive 19-58 year aggregate sentence?

Appellant's Br. at 10.[3]

In his first issue, Appellant contends that the sentencing court did not properly consider mitigating factors.  In so doing, Appellant challenges the discretionary aspects of his sentence.  An appellant raising such a challenge to the discretionary aspects of a sentence is not entitled to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal.  42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d

---

imposed for the Burglary, Conspiracy, and Robbery convictions fell within the mitigated range; the sentences for the assault, fleeing, REAP, and possession convictions fell within the standard ranges of the sentencing guidelines.

[3] Appellant has not appended his Pa.R.A.P. 1925(b) Statement to his brief, as required by Pa.R.A.P. 2111(a)(11). The Commonwealth argues that Appellant's second issue is waived as it was not raised in his Rule 1925(b) Statement. Appellee's Br. at 5.  Our review of the certified record, which includes Appellant's Rule 1925(b) Statement, confirms that Appellant did not include his second issue in his Rule 1925(b) Statement.  This issue is, thus, waived.  Pa.R.A.P. 1925(b)(4)(vii).

17, 18 (Pa. 1987); *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014).

In order to obtain this Court's review, an appellant challenging the discretionary aspects of his sentence must comply with the following requirements: (1) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (2) file a timely notice of appeal; (3) include within his appellate brief a concise statement of the reasons relied upon for allowance of appeal, pursuant to Pa.R.A.P. 2119(f); and (4) raise a substantial question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013).

Appellant preserved his challenge by filing a timely post-sentence motion and notice of appeal, and by including a Rule 2119(f) statement in his appellate brief. We, thus, proceed to consider whether Appellant has raised a substantial question for our review.

Whether an appellant has raised a substantial question regarding a discretionary aspect of the sentence is determined on a case-by-case basis. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation and quotation marks omitted).

Here, Appellant argues that the court erred in ordering some of his sentences to run consecutively without due consideration of his youth and rehabilitative needs. Appellant's Br. at 24-25.

"[A] sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). However, an appellant may raise a substantial question when a sentencing court imposes consecutive sentences if the aggregate sentence of incarceration is manifestly excessive, and the sentencing court failed to consider mitigating factors. *Commonwealth v. Horning*, 193 A.3d 411, 418 (Pa. Super. 2018). *See also Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (finding that the appellant raised a substantial question in claiming that the sentencing court failed to consider rehabilitative needs before imposing consecutive sentences that resulted in an excessive aggregate sentence).

Appellant argues that the aggregate sentence of nineteen to fifty-eight years' incarceration is manifestly excessive and the court abused its discretion in entering consecutive sentences without considering, *inter alia*, his rehabilitative needs, mental health, and substance abuse issues as required under the sentencing code. Appellant's Br. at 19. Appellant has raised a substantial question and we, thus, address the merits of his claim.

Generally, "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent

a manifest abuse of discretion." ***Commonwealth v. Barnes***, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted). "A sentencing court has broad discretion in choosing the range of permissible confinements that best suits a particular defendant and the circumstances surrounding his crime." ***Commonwealth v. Celestin***, 825 A.2d 670, 676 (Pa. Super. 2003) (citation omitted).

When reviewing a challenge to the discretionary aspects of a sentence, we will not disturb a sentence absent a manifest abuse of discretion. ***Commonwealth v. Ali***, 197 A.3d 742, 761 (Pa. Super. 2018). A sentencing court abuses its discretion not through a mere error in judgment. ***Id.*** "Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of impartiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (citation omitted). "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." ***Moury***, 992 A.2d at 170 (citation omitted).

The sentencing code requires the court to consider certain factors, including a defendant's rehabilitative needs, when determining a sentence.

42 Pa.C.S. § 9721(b).[4]  The court must also "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."  ***Id.***  The weighing of these factors, however, is "exclusively for the sentencing court," and an appellate court cannot substitute its own judgment for the sentencing court's on appeal. ***Commonwealth v. Bowen***, 975 A.2d 1120, 1123–24 (Pa. Super. 2009).

"Long standing precedent [] recognizes that the Sentencing Code affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Brown***, 249 A.3d 1206, 1212 (Pa. Super. 2021) (citation omitted).  This Court has frequently held that a court satisfies its obligations under the Sentencing Code when it sets forth its general reasoning and consideration of the Section 9721(b) sentencing factors before imposing several consecutive sentences.  ***See***, ***e.g.***, ***id.*** at 1217 (affirming sentence where "trial court fashioned an individualized sentence [by] taking into account all of the statutory factors" before announcing series of consecutive sentences), ***Horning***, 193 A.3d at 419 (affirming sentence where "sentencing transcript reflects the trial court's consideration of the [statutory] sentencing standards" before announcing series of consecutive sentences).

_____

[4] This statute also requires the sentencing court to consider the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the sentencing guidelines.  42 Pa.C.S. § 9721(b).

Significantly, where a PSI report exists, an appellate court presumes that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). "Having been fully informed by the [PSI] report, the sentencing court's discretion should not be disturbed." *Id.*

Moreover, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d at 171. *See also Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545-46 (Pa. Super. 1995) (stating that the combination of a PSI report and a standard range sentence, absent more, cannot be considered excessive or unreasonable).

In its Rule 1925(a) Opinion, the sentencing court noted that it considered the PSI report, the sentencing guidelines, and the Section 9721 sentencing factors prior to imposing Appellant's aggregate sentence.

> The sentencing transcript shows unequivocally that the [c]ourt did in fact consider the defendant's youth, criminal history, and his co-defendant's negative influence when it sentenced him. (*See* Sentencing Transcript, 06/16/2021, [at] 7-11). More specifically, it classified each as a positive or mitigating factor. (*See id*.). Weighing against them, however, were, *inter alia*, the additional felony charges he was facing, that he was the one who selected Jefferson County as the target for his and the co-defendant's criminal activities, and that he was the one driving at speeds that were nothing less than reckless in a patently futile attempt to avoid apprehension (*Id*. at 8-11).

Tr. Ct. Op., filed 12/23/21, at 1.

Our review of the sentencing transcript reveals that the court properly considered the sentencing factors prior to imposing consecutive sentences. In addition to acknowledging its review of the PSI report, the court explicitly noted its consideration of Appellant's youth and his addiction to drugs. N.T. Sentencing, 6/16/21, at 5, 8-10. The court further noted that Appellant would be forty-seven years old when he is eligible for parole and, with respect to his rehabilitative needs, the court acknowledged that Appellant would be able to participate in programs while in prison to enable him to lead a "good and productive" life upon his release. *Id.* at 16. The court also noted the violent nature of the assault and robbery and the extreme recklessness Appellant exhibited in fleeing from apprehension, all of which implicated the need to protect the public. *Id*. at 8-11.

We conclude that Appellant's sentence is not manifestly excessive in light of the nature and number of crimes to which he pleaded guilty, and the court did not abuse its discretion in imposing some of the mitigated or standard range sentences to be served consecutively. We, thus, affirm the judgment of sentence.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  09/27/2022